UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CHRISTELLE HAMON,

    Plaintiff,

vs.

CASA CASUARINA, LLC, and
PETER T. LOFTIN,

    Defendants.

_____/



FILED by ƐƁ D.C.

FEB 12 2010

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

**COMPLAINT**

PLAINTIFF, CHRISTELLE HAMON, (Hereinafter "Ms. Hamon") sues defendants, Casa Casuarina LLC, and Peter T. Loftin, (Hereinafter collectively referred to as "the defendants"), and states:

### INTRODUCTION

1. Ms. Hamon brings this action against the defendants to recover damages under the provisions of Title VII of the Civil Rights Act of 1964, as amended, The Florida Civil Rights Act of 1992, as amended, and Florida common law.

### JURISDICTION

2. The court has jurisdiction over the lawsuit because the action arises under the Title VII of the Civil Rights Act of 1964, as amended. The court has supplemental jurisdiction under 28 U.S.C. § 1367 over Ms. Hamon's claims for violations of the

Florida Civil Rights Act (§760.10 et seq., Fla. Stat.), ("FCRA"), and the common law claims because they are so related to the claims within the court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

3. Ms. Hamon timely filed her Charge of Discrimination with the U.S. Equal Opportunity Commission, ("EEOC"), and the Florida Commission on Human Relations against Casa Casuarina, LLC, ("Casa Casuarina"). A copy of the Charge of Discrimination is attached as Exhibit 1.

4. Ms. Hamon received a notice of right to sue from the EEOC within 90 days of the filing of this complaint. A copy of the notice is attached as Exhibit 2.

5. The Florida Commission on Human Relations has not made a determination within 180 days of Hamon filing her Charge of Discrimination.

## PARTIES

6. Ms. Hamon is a female over eighteen years of age, and a resident of Miami-Dade County, Florida.

7. Casa Casuarina is a foreign limited liability company with its principal place of business in Miami Beach, Florida.

8. Casa Casuarina did and does business as a luxury hotel and restaurant in Miami Beach, Florida.

9. At the time that Ms. Hamon worked for Casa Casuarina, Loftin was the sole partner and manager member of Casa Casuarina, LLC.

## SUMMARY OF FACTUAL ALLEGATIONS

10. Loftin often resided at Casa Casuarina for extended time periods.

11. Ms. Hamon was employed by Defendant as a front desk receptionist from January 30, 2009 to March 29, 2009. Her regular shift started at 11:00 p.m. and ended at 7:00 a.m.

12. At approximately 2:45 a.m., on March 13, 2009, a woman called the front desk from Loftin's hotel suite and asked Ms. Hamon to deliver silverware and napkins to the suite. When Ms. Hamon knocked on the door of the suite, no one answered the door, and she returned to the front desk. About ten minutes later, Loftin called the front desk to inquire about the items. Ms. Hamon advised him that no one had answered the door when she knocked. Loftin told her to come back to the suite and the door would be unlocked for her.

13. Ms. Hamon entered the suite as instructed, and Loftin summoned her to bring the items into the bedroom. When she entered the bedroom, the lights were on, Loftin was naked on the bed drinking a glass of wine, and a naked black woman was performing oral sex on him.

14. The young woman did not cease performing her sex act despite that Ms. Hamon entered the bedroom. Ms. Hamon was shocked, dumbfounded, embarrassed, and

frightened. She asked Loftin where she could leave the silverware, but he ignored her question. Instead he said, "hey Christelle, doesn't she look good?" – nodding to the naked woman performing oral sex. At that moment the woman turned her head towards Ms. Hamon, smiled and shook her buttocks at Ms. Hamon. Loftin asked Ms. Hamon, "do you wanna touch?" Ms. Hamon said, "no", and Loftin asked her whether she wanted to watch Loftin and the woman have sexual intercourse. Completely, shocked, Ms. Hamon said that she had to leave; placed the items on the night stand, and started to leave the suite. When Ms. Hamon was nearly to the suite's outer door, Loftin called to her, saying, "come in here sweetheart." She responded verbally, but did not reenter the bedroom. Loftin asked her again if she was sure that she did not wish to watch them. She answered, that she was sure, and that she had to go back to the front desk because she left Alex, the security guard, alone there. Loftin asked her if she thought Alex would like to watch them. She answered that she didn't know, and that she had to go. Loftin told her to ask Alex if he wants to watch, and warned her that all of this should be kept between Loftin and her.

15. Ms. Hamon left and told Alex Lima what happened. While she was talking to Alex, Loftin called and said, "Christelle, sweetheart, tell Alex to come up."

16. Alex went to the suite, and later told Ms. Hamon that the young woman in Loftin's bed asked him to "f–k" her. He also said that Loftin asked him to videotape them

4

having sex. Alex claims to have rejected these propositions.

17. A short time later, the young woman came to the lobby to speak to Alex. She then went to the front gate of the property on Ocean Drive where many people were walking, and she spoke to a group of young black males. She brought one of them into the hotel and upstairs. About 45 minutes later the young man returned, and told his friends in an excited manner, "I f–ked her man; I f–ked her in the Versace mansion!"

18. Ms. Hamon reported the sexual harassment to the general manager; but he did nothing about it. In fact, Loftin continued to refer to Ms. Hamon as "sweetheart" and "darling" when he called the front desk, which was offensive and insulting to her, especially considering the circumstances.

19. Upon information and belief, Loftin and/or Casa Casuarina paid Alex money, presumably in order for him to keep the events of said evening confidential.

20. After being intentionally exposed to such outrageous conduct by Loftin, and Casa Casuarina's complete inaction, Ms. Hamon suffered emotional and mental distress, such as, recurrent and intrusive distressing recollections of the event, including images and thoughts, causing her intense psychological distress, daily feelings of intense fear and helplessness, detachment and estrangement from others, insomnia, and difficulty concentrating.

21. On March 23, 2009, Ms. Hamon sought professional help to diagnose and treat her.

22. Loftin continued to reside on the property, and since Ms. Hamon was the only employee left on the property for the night shifts, it was very important to her that she be able to be in touch with the security officer on duty. On Ms. Hamon's shift that began on March 29, 2009, there were no guests staying at Casa Casuarina, therefore, the only people on the property that night would be Loftin, Ms. Hamon and a security officer. Ms. Hamon tried to raise the security officer on the radio, but he failed to respond to several of her calls. She asked coworkers who were leaving for the night, if they had seen the security officer, and no one had seen him. After about twenty minutes of her being unable to raise him on the radio, Ms. Hamon began to become fearful and nervous. Finally she saw the security officer's radio on the sofa in the Tiffany Bar, but he was no where to be found. Eventually she located the guard, and she express her extreme displeasure with his unresponsiveness to her radio calls. Ms. Hamon's level of fear escalated that night until she broke down, crying uncontrollably. She decided that she could no longer work at Casa Casuarina feeling frightened and unsafe. In a Word document called "notes of the day", Ms. Hamon wrote that she could no longer continue working on the property under the circumstances, or words to that effect. That night she left the hotel for good.

## COUNT 1
## HOSTILE WORK ENVIRONMENT
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AS AMENDED

23. Ms. Hamon realleges paragraphs 1 through 22 as if fully set forth herein.

24. Ms. Hamon is a female employee protected under Title VII.

25. Casa Casuarina is an employer within the meaning of Title VII, and Loftin was of sufficiently high rank to fall within the class of individuals who may be treated as the defendant company's proxy and/or alter ego for purposes of liability under Title VII.

26. Casa Casuarina intentionally discriminated against Hamon in violation of Title VII by creating a hostile work environment because of her gender. Loftin's conduct was so severe and/or pervasive that it altered the terms and conditions of her employment, and created a hostile work environment.

27. As a direct and proximate result of Casa Casuarina's conduct Ms. Hamon suffered severe emotional and mental distress, embarrassment and humiliation, and loss of enjoyment of life.

28. Hamon is entitled to an award of attorney's fees and costs under Title VII, 42 U.S.C. §2000e-5(k).

WHEREFORE, Hamon demands judgment against Casa Casuarina for compensatory damages, equitable relief in the form of an injunction prohibiting Casa Casuarina from discriminating against its employees, punitive damages, an award of attorney's fees and costs, and all other relief the court deems appropriate.

## COUNT 2
## HOSTILE WORK ENVIRONMENT
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1991 AS AMENDED

29. Hamon realleges paragraphs 1 through 22 as if fully set forth herein.

30. Ms. Hamon is a female employee protected under the FCRA.

31. Casa Casuarina is an employer within the meaning of the FCRA, and Loftin was of sufficiently high rank to fall within the class of individuals who may be treated as the defendant company's proxy and/or alter ego for purposes of liability under the FCRA.

32. Casa Casuarina intentionally discriminated against Hamon in violation of the FCRA by creating a hostile work environment because of her gender. Loftin's conduct was so severe and/or pervasive that it altered the terms and conditions of her employment, and created a hostile work environment.

33. As a direct and proximate result of Casa Casuarina's conduct Ms. Hamon suffered severe emotional and mental distress, embarrassment and humiliation, and loss of enjoyment of life.

34. Hamon is entitled to an award of attorney's fees and costs under the FCRA.

WHEREFORE, Hamon demands judgment against Casa Casuarina for compensatory damages, equitable relief in the form of an injunction prohibiting Casa Casuarina from discriminating against its employees, punitive damages, an award of attorney's fees and costs, and all other relief the court deems appropriate.

### COUNT 3
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BY LOFTIN

35. Ms. Hamon realleges paragraphs 1 through 2, and 6 through 22 as if fully set forth herein.

36. Loftin intended his conduct.

37. Loftin knew or should have known that his conduct would likely cause emotional distress to Hamon.

38. Loftin's conduct was outrageous, that is, his conduct went beyond all bounds of decency, and is regarded as odious and utterly intolerable in a civilized community.

39. Loftin's conduct caused Ms. Hamon severe emotional distress.

WHEREFORE, Ms. Hamon, demands judgment against Loftin for compensatory damages, punitive damages, and all other relief the court deems appropriate.

### COUNT 4
### NEGLIGENCE

40. Ms. Hamon realleges paragraphs 1 through 2, and 6 through 22 as if fully set forth herein.

41. Casa Casuarina owed a duty to its employees and guests to keep the premise safe from sexual assaults, unlawful sexual solicitation, and other unwelcome sexual misconduct.

42. Prior to the outrageous conduct described above, Loftin was publically accused of

sexual assault. Loftin was accused of sexual assault by a contestant in a Hawaiian Tropic Bikini Contest held at Casa Casuarina. Additionally, Loftin has a reputation at Casa Casuarina of entertaining call girls at the hotel and making inappropriate sexual propositions to female employees of the hotel and restaurant.

43. Casa Casuarina knew or should have known that Loftin had a propensity to commit sexual assault and misconduct, using his wealth, influence, and Casa Casuarina to commit his unlawful and dangerous acts on employees as well as others.

44. Nevertheless, Casa Casuarina allowed Loftin to reside in the hotel for extended periods of time, providing him the place and opportunity to continue unlawful sexual liaisons, sexual assaults, and misconduct towards employees and others.

45. Casa Casuarina's negligence was the direct and proximate cause of Ms. Hamon's severe emotional and mental distress.

WHEREFORE, Ms. Hamon, demands judgment against Casa Casuarina for compensatory and punitive damages, and all other relief the court deems appropriate.

**JURY DEMAND**

46. Ms. Hamon demands a jury trial.

                            Respectfully submitted,

                            PAUL F. PENICHET, P.A.
                            Counsel for Plaintiff
                            Suite 907 Biscayne Building
                            19 W. Flagler Street
                            Miami, FL 33130
                            Tel: (305) 373-8809
                            Fax: (305) 373-8810

By: _____
                            Paul F. Penichet, Esq.
                            FBN: 0899380

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA<br>☒ EEOC | 510-200904035 |

Florida Commission on Human Relations _____ and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) Ms. Christelle Hamon | HOME TELEPHONE (Include Area Code) (786) 312-8753 | |
|---|---|---|
| STREET ADDRESS 1756 N. Bay Shore Drive, #17H, | CITY, STATE AND ZIP CODE Miami, FL 33132 | DATE OF BIRTH 05/08/1974 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME Casa Casuarina, LLC | NUMBER OF EMPLOYEES, MEMBERS ≥15 - 100 CH | TELEPHONE (Include Area Code) (305) 672-6604 |
|---|---|---|
| STREET ADDRESS 1116 Ocean Drive | CITY, STATE AND ZIP CODE Miami Beach, FL 33139 | COUNTY Miami-Dade |
| NAME Loftin Hospitality, LLC | | TELEPHONE NUMBER (Include Area Code) (305) 672-6604 |
| STREET ADDRESS Same | CITY, STATE AND ZIP CODE | COUNTY Miami-Dade |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ AGE
☐ RETALIATION  ☐ NATIONAL ORIGIN  ☐ DISABILITY  ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)  LATEST (ALL)
03/12/09             03/12/09 CH
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I, Christelle Hamon, was employed as a front desk receptionist for a hotel called Casa Casuarina. Upon information and belief, the sole partner/owner of Casa Casuarina is Peter T. Loftin. My regular shift was 11 p.m. to 7 a.m. During my shift on March 12, 2009, Mr. Loftin made unwelcome and severely offensive sexual advances towards me. He asked me to bring some items to his hotel suite. When I entered his room at his request, he was naked on the bed drinking a glass of wine, while a naked woman performed oral sex on him. The woman did not stop when I entered the room. Mr. Loftin asked me how she looked, and the naked woman shook her buttocks at me. Mr. Loftin asked me if I wanted to touch her, and I said no. He also asked me more than once whether I wanted to stay to watch them have sex, and I declined each time. Mr. Loftin told me to ask the security guard on duty whether he would like to watch, and instructed me to send the guard up to his suite. While I was explaining what happened to me to the security guard, Mr. Loftin called me and asked what was taking so long. The security guard went to the suite, and later said that the naked female asked him to have sex with her, and that Loftin asked him to videotape them having sex. The guard says he refused both requests.

I believe that I was sexually harassed in violation of Title VII of the Civil Rights Act of 1964, as amended, and in violation of the Florida Civil Rights Act of 1992, as amended. I believe other female employees have suffered similar sexual harassment.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| Date 05/11/09   Charging Party (Signature) | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |

EEOC FORM 5 (10/94)

**EXHIBIT 1**

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NOTICE OF RIGHT TO SUE** *(ISSUED ON REQUEST)*

| | |
|---|---|
| **To:** Christelle Hamon<br>1756 North Bay Shore Drive # 17<br>Miami, FL 33132 | **From:** Miami District Office<br>2 South Biscayne Blvd<br>Suite 2700<br>Miami, FL 33131 |

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2009-04035 | Ina Depaz,<br>State & Local Coordinator | (305) 808-1752 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

Delner Franklin-Thomas,
Acting District Director

JAN 1 3 2010
*(Date Mailed)*

Enclosures(s)

cc: **CASA CASUARINA**
c/o Stacy Wein, Esquire
1116 Ocean Drive
Miami Beach, FL 33139

Paul Penichet
19 WEst Flagler Avenue, Suite 907
Miami, FL 33130

**EXHIBIT 2**

Enclosure with EEOC
Form 161-B (11/09)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*