UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-20457-CIV-MORENO/TORRES

CHRISTELLE HAMON,

    Plaintiff,

vs.

CASA CASUARINA, LLC, and
PETER T. LOFTIN,

    Defendants.
_____/

**PLAINTIFF'S RESPONSE MEMORANDUM IN
OPPOSITION TO DEFENDANT, CASA CASUARINA'S,
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

PLAINTIFF, CHRISTELLE HAMON, by and through undersigned counsel, files this memorandum in opposition to Casa Casuarina's motion to dismiss counts 1, 2, and 4 of her Complaint for failure to state a claim upon which relief can be granted. In opposition, the plaintiff says:

    1.    **Notice Pleading and Employment Discrimination Actions:**

The federal pleading standard is set forth in Rule 8(a), Fed. R. Civ. P. The rule states in material part, "(a) A pleading that states a claim for relief must contain: . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). With limited exceptions, that are not present in the case at bar, the simplified notice pleading applies to all civil actions, including those filed under Title VII and the Florida Civil Rights Act, ("FCRA"). Swierkiewicz v. Soreman, N.A., 534 U.S. 506, 513, 122 S. Ct. 992, 152 L.Ed. 2d 1, (2002). The

Supreme Court has held that employment discrimination actions are not subject to any heightened pleading standard. Swierkiewicz, 534 U.S. at 511. The Court also rejected the argument that allegations in a discrimination complaint require greater particularity than other actions. McDonald v. Santa Fe Trail Transp. Co., 427 U.S. 273, 283, 49 L. Ed.2d 493, 96 S.Ct. 2574 (1976).

    **2.**    **The Standard of Review for Rule 12(b)(6) Motions to Dismiss:**

A motion to dismiss under Rule 12 (b)(6) is appropriate only if the plaintiff has not provided fair notice of its claim and factual allegations that, when accepted as true, are plausible and rise above mere speculation. Ashcroft, 129 S.Ct. at 1952. The court must accept as true all well-pleaded allegations and all reasonable inferences that can be drawn from those allegations, and view the causes of action in the light most favorable to the plaintiff. Tellabs, inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)(the court must assume that all plausible facts contained in the complaint are true). Whether a claim states a cause of action that is plausible on its face means that the well plead facts must allow the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. Id. at 1949-50. Of course the "plausibility" standard is not a probability standard, as that would again require the heightened pleading standard that has been repeatedly rejected by the Court. Ashcroft, at 1949. When these rules and standards are applied to the causes of action in the case at bar, it is evident that the plaintiff has sufficiently plead counts 1, 2, and 4 of her Complaint.

    **3.**    **Plaintiff's Sexual Harassment Claims Should Not be Dismissed:**

The defendant attempts to persuade the court that the plaintiff must "establish" a prima facie case at the pleading stage of these proceedings. The Supreme Court has rejected the proposition that a plaintiff in an employment discrimination case must satisfy the evidentiary standard at the pleading

stage. Swierkiewicz, 510-11. Many of the cases upon which the defendant relies in its motion, were decided at summary judgment or after a trial on the merits.  For example, Oncale v. Sundowner Offshore Services, Inc., 523 U.S. 75 (1998), and Medoza v. Borden, 195 F.3d 1238 (11th Cir. 1999), are appeals of orders granting summary judgment; and Meritor Sav. Bank v. Vinson, 477 U.S. 57 (1986),  Henson v. City of Dundee, 683 F.2d 897 (11th Cir. 1982), and Burlington Northern and Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006) were all appealed after a trial. The action at bar has not reached either of those stages of the proceedings.

In the Swierkiewicz case, the plaintiff filed an employment discrimination case under Title VII based on his national origin, and under the Age Discrimination in Employment Act. Swierkiewicz, 534 US at 509.  The Second Circuit affirmed the dismissal of the plaintiff's action because he failed to "allege facts constituting a prima facie case of discrimination under the framework set forth . . . in McDonnell Douglas." Id. at 509. Under McDonnell Douglas, in order for a plaintiff to prevail in an employment discrimination case, he is required to prove that (1) he was a member of a protected group, (2) he was qualified for the job, (3) he suffered an adverse employment action, and (4) circumstances that support an inference of discrimination. Id. 510.  The  Swierkiewicz Court correctly observed that the prima facie case under McDonnell Douglas is an evidentiary standard, rather than a pleading requirement, and it rejected the proposition that a plaintiff to must establish a prima facie case in order to survive a motion to dismiss. Id. at 510-11. The Court said "the ordinary rules for assessing the sufficiency of a complaint apply." Id.  Contrary to the holding in Swierkiewicz, the defendant attempts to persuade the court that the plaintiff must "establish" a prima facie case at the pleading stage.

The plaintiff's complaint contains factual details that more than satisfy what is required by

Rule 8(a), Fed. R. Civ. P., and the "plausibility" standard. The plaintiff's Complaint is a detailed narration of factual allegations that allows the court to draw a reasonable inference that the defendant is liable for violations of Title VII and FCRA sexual harassment.

The plaintiff alleges that she was employed by the defendant hotel as the overnight receptionist. During the wee hours of the morning on March 13, 2009, the owner of the hotel, Peter Loftin, ordered the plaintiff to bring some items to his suite. He left the door open so that she could enter the room without anyone answering the door. When she arrived in the suite, Loftin called her into his bedroom. When the plaintiff entered the bedroom, the lights were on, Loftin was naked on the bed drinking wine, while a female was performing oral sex on him. The female continued her fellatio despite that the plaintiff entered the room. From these circumstances, the court can draw the reasonable conclusion that Loftin intended for the plaintiff to see him and the female engaging in oral sodomy. The plaintiff's allegations also detail the conversation that Loftin had with the plaintiff in his attempt to persuade her to join in what is commonly referred to as a "ménage a trios." When she declined, Loftin asked her to stay and watch them have sexual intercourse. The plaintiff further alleges that Loftin's obscene, lewd and lascivious conduct and the lack of action or concern about it caused her severe emotionally distress to the point where she became so fearful and nervous that she could no longer perform her job.

Clearly the allegations in the Complaint are not bare bones or conclusory allegations, and taken as true, are sufficient to allow the court to draw a reasonable inference that the defendant is liable for sexual harassment pursuant to Title VII and the FCRA.

Additionally, it is of no importance that Loftin asked a male employee to engage in the ménage a trios after the plaintiff refused. Both employees were asked to engage in the sexual orgy

because of their gender. The Complaint alleges that the male security guard was asked to have sex with Loftin's female companion, and certainly, Loftin was asking the plaintiff to join them to perform sexual acts with him. In this unusual situation, both employees are subjected to the sexual harassment because of their gender.

For the reasons set forth above, the motion to dismiss counts 1 and 2 must be denied.

### 4. Plaintiff's Negligence Claim Must Survive.

The plaintiff sued Casa Casuarina for negligence retention of defendant, Loftin. The plaintiff alleges that the hotel "owed a duty to its employees and guests to keep the premise safe from sexual assaults, unlawful sexual solicitation, and other unwelcome sexual misconduct." Plaintiff's Complaint, ¶41. Negligent retention occurs when during the course of employment, the employer becomes aware or should have become aware of problems with an employee indicating unfitness for customer or employee contact, but fails to take further action, such as investigation, discharge, or reassignment. Tallahassee Furniture Co. V. Harrison, 383 So.2d 744 (Fla. 1st DCA 1991). If a court determines that an employer's negligent retention is the proximate cause of an employee's tortious conduct, then the employer will be held liable for any proven damages. Abbott v. Payne, 457 So.2d 1156 (Fla. 4th DCA 1984).

The defendant moves to dismiss the plaintiff's negligence claim asserting that (1) there is no duty under Florida Law to be free from discrimination in the workplace, and (2) that the plaintiff suffered no impact, therefore, she cannot state a claim for negligence.

The plaintiff recognizes that there is no common law claim for discrimination, and that sexual harassment is a form of gender discrimination under Title VII and the FCRA. However, discrimination cases, especially harassment cases, often contain facts that are sufficient to allege

5

other legal causes of action. For instance, a complaint containing a count for sexual harassment may also include counts for assault, battery, or intentional infliction of emotional distress. Consequently, the inquiry into whether a negligent hiring or retention claim should be dismiss does not end simply because one of the plaintiff's counts is sexual harassment.

In this case, the plaintiff alleges that the defendant had prior notice that Loftin was accused of sexual battery on the hotel's premises , and that he has a reputation of entertaining call-girls at the hotel. This well known information placed the defendant on notice Loftin was dangerous and unfit to have contact with its employees or customers. Nevertheless, the defendant hotel allowed Loftin to work and stay on the premises. As a result of the defendant failing to take action, Loftin was in the position to intentionally inflict emotional distress upon the plaintiff. Consequently, the court must decide whether the plaintiff sufficiently plead her negligence claim based on the defendant's prior notice of Loftin's dangerousness, and his intentional infliction of emotional distress on her.

The plaintiff's claim of intentional infliction of emotional distress is based upon the same deplorable and obscene conduct that is the basis for the Title VII and FCRA claims. It is also well established that impact rule does not apply to actions where emotional damages are the parasitic consequences of conduct that itself is a freestanding tort. Kush v. Lloyd, 616 So.2d 415, 422 (Fla. 1992)( a claim for wrongful birth does not require a physical impact). "Prosser and Keeton state that the impact doctrine should not be applied where emotional damages are an additional "parasitic" consequence of conduct that itself is a freestanding tort apart from any emotional injury." The physical impact rule likewise does not apply to the tort of intentional infliction of emotional distress. Rowell v. Holt, 850 So.2d 474, 478 (2003). Since the negligence count is based on the intentional infliction of emotional distress caused by Loftin, it need not include a physical impact. For these

reasons, the plaintiff's negligence claim must not be dismissed.

WHEREFORE, the plaintiff respectfully request that the defendant's motion to dismiss counts 1, 2 and 4 be denied.

>Respectfully submitted,
>
>PAUL F. PENICHET, P.A.
>Counsel for Plaintiff
>Suite 907 Biscayne Building
>19 W. Flagler Street
>Miami, FL 33130
>Tel: (305) 373-8809
>Fax: (305) 373-8810

By:  s/ Paul F. Penichet
     Paul F. Penichet, Esq.
     FBN: 0899380


**Certificate of Service**

I hereby certify that on <u>March 31, 2010</u>, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:  s/ Paul F. Penichet
     Paul F. Penichet

## SERVICE LIST

**Christelle Hamon versus Casa Casuarina, LLC et al.**
**Case No. 10-20457–Civ-Moreno/Torres**
**United States District Court**
**Southern District of Florida**

Ilona M. Demenina, Esq.
The Ferraro Law Firm
4000 Ponce de Leon Blvd.
Suite 700
Miami, Florida 33146
Tel.: (305) 375-0111
Fax.: (305) 379-6222
imd@ferrarolaw.com
Attorneys for Defendant
Via ECM